### No. 572

### FOUCHS et v. RIEDEL

997. REAL ESTATE—Does insertion of husband's name in quit-claim deed to wife who is an heir, said deed being given for the purpose of effecting an amicable partition to break the tenancy in common, give husband interest in land?

Jacob Fouchs died in 1893, seized of two tracts of real estate in Crawford County; 40

acres and 98 acres. He left surviving him three children, Catherine, wife of Charles Riedel, Adam Fouchs and David Fouchs an imbecile. By the terms of the will, the property was left to the three children, in equal parts, with the following prosivo:—"Provided, however, if my said daughter, Catherine, wife of Charles Riedel, should die without heirs of her body, then in said case her share shall fall to my said two sons above mentioned in two equal parts."

On June 9, 1894, the children (guardian of David Fouchs acting for him) valued the property at $5510, each one's share being $1835.66. Catherine Riedel got the 40 acres and $736,66. Adam got the 98 **acres and paid** out an amount when deducted that left him his share. David got his $1836.66 in money. The brothers and sister on that basis exchanged deeds, the deed from Adam to his sister on the 40 acres, and the deed from Catherine Riedel to Adam being quit-claims deeds, the husband's name being inserted as co-grantee. The deed from David to his sister on brother and the 40 and 98 acres respectively was made by order of the court at private sale, which was in form, a transaction of bargain and sale, but i nreality only an amicable partition to break the tenancy in common.

Jan. 31, 1921, said Catherine Riedel died intestate without heirs of her body surviving her, and in 1924 Charles Riedel began an action in the Crawford Common Pleas for a partition of the 40 acres and claimed that he was entitled to 5-6 of the property, and David Fouchs to 1-6. From the judgment and decree in that court an appeal was taken to the Court of Appeals in which David and Adam Fouchs filed an amended cross-petition denying claim of Riedel and each claiming ½ of the 40 acres. The Court of Appeals found Riedel entitled to 5-6 and David to the 1-6 of said premises.

On taking the case to the Supreme Court Fouchs contends:—

Charles Riedel did not get any interest in said real estate by reason of his name being inserted with his wife's in the quit claim deed from Adam Fouchs for 40 acres. It is claimed where a family who had inherited certain real estate agreed to an amicable partition, the heirs joining in quit claim deeds to each other in which deeds the names of their husbands were inserted the heirs took title by inheritance and the quit-claim deeds will be regarded as merely the means adopted to sever the tenancy in common. Waterman v. Waterman, 10 CC 605 (N.S.) aff. without rep. (57 OS. 659).

Where several deeds of release are executed as parts of one and the same transaction, and to effect a single purpose, to wit a partition of real estate betwween heirs, tenants in common, they must be read and construed together, and their combined effect must settle the rights of the parties under them. White v. Brocaw, 14 OS. 339.

Attorneys—W. J. Schwenck and Benjamin Meck, for Fouchs et; Galliger & McCarron, for Riedel; all of Bucyrus.